UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DELTA SIGMA THETA SORORITY, INC.   )
                                   )
         Plaintiff,                )
                                   )
   v.                              )   Civil Action No.: 06 1993 (RMC)
                                   )
DEREK & JAMAR PRODUCTIONS, LLC     )
                                   )
         Defendant.                )
                                   )

## MOTION FOR EXTENSION OF TIME

Plaintiff hereby moves this Court for an extension of time, to and including March 23, 2007, within which to respond to defendant's motion to dismiss the complaint. As a basis for this motion, counsel for plaintiff states that professional obligations required her travel out of town for a rather extended time since the motion to dismiss was filed and that she now faces pressing deadlines in other matters.

Counsel for the defendant does not consent to granting an extension of time.

Respectfully Submitted,

*/s/ Devarieste Curry*

Devarieste Curry, # 384621
Marc Miller, # 948372
McLeod, Watkinson & Miller
One Massachusetts Avenue, NW
Suite 800
Washington, D.C. 20001-0014

202-842-2345
202-408-7763 (facsimile)
dcurry@mwmlaw.com
mmiller@mwmlaw.com

Date: February 28, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DELTA SIGMA THETA SORORITY, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 06 1993 (RMC) |
| DEREK & JAMAR PRODUCTIONS, LLC | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF MOTION FOR EXTENSION OF TIME

In support of its motion for an extension of time within which to respond to defendant's motion to dismiss the complaint, plaintiff states the following:

**Plaintiff Has Established Good Cause**

When plaintiff's counsel received defendant's motion, she was preparing to attend a pre-arranged professional obligation out of town. Counsel returned to her office on Monday, February 26, 2007, after a fairly extended period of travel. By electronic message on February 26, 2007, counsel requested defendant's consent to an extension of time to an including March 23, 2007, explaining that the extension is needed because of the above-stated reason and because counsel is pressed with responding to other deadlines.

Counsel was not able to reach his client yesterday. By electronic message sent and received today, counsel stated "After talking with my clients about your request for an extension of time to respond to my Motion to Dismiss, I do not see how the almost 3 week extension of time you requested will further the interests of justice. A speedy resolution of this matter is important." To clarify whether defendant was willing to agree to an extension of time of any length, counsel called and spoke with counsel. Specifically, in response to plaintiff's inquiry,

defendant asked, "Are you saying you are going to ask for less time"? Plaintiff responded, "No. I am going to ask for the time I need, but I want to know whether I can represent to the Court that, while you do not agree to the requested extension, you agree to an extension of less time." Defendant responded, "Absolutely not."[1]

Plaintiff now appeals to this Court to use its inherent powers to grant the requested extension of time, pursuant to Rule 6(b) of the Federal Rules of Civil Procedures. *See also Lujan v Nat'l Wildlife Fed'n,* 497 U.S. 871, 896, 111 L. Ed 2d 695, 110 S. Ct. 3177 (1990).

As explained above, plaintiff's counsel is pressed with meeting other deadlines. One matter involves assisting an individual client whose situation might rightfully be described as urgent or an emergency. Further, plaintiff representatives who likely would be needed to assist with responding to the motion to dismiss will not be available until next week. They leave tomorrow for the organization's annual Delta Days at the United Nations, where they will lead a conference on improving the status and well-being of girls internationally. Plaintiff may in fact not need the full amount of time requested and will work diligently to file the response as soon as possible. If the crush of work continues to be overbearing, plaintiff's counsel does not want to find herself in the position of having to return to Court and seek more time.

Plaintiff could not agree more that a speedy resolution of this matter is important; that is exactly what plaintiff has been seeking and continues to seek. The Court should be aware, however, of what has transpired in this case to this point. Plaintiff filed its complaint against defendant for injunctive and monetary relief on November 21, 2006. Plaintiff served defendant's registered agent by Federal Express, overnight delivery.[2]

---

[1] For ease of reference, "defendant" and "plaintiff" are sometimes used to refer to conversations and/or communications between counsel for the respective parties.

[2] Defendant's registered agent, incidentally, was its legal counsel, with whom plaintiff, through its counsel, had been dealing for more than a year in an attempt to resolve matters prior to the filing of a lawsuit.

2

Pursuant to Rule 4 of the Federal Rules of Civil Procedures, prior to serving the complaint, plaintiff contacted defendant's registered agent-counsel to ascertain if he would waive service of summons, explaining, among other things, that if he did so, defendant would not be required to answer the complaint until 60 days after the date on which the notice of request for waiver was sent, November 21, 2006.

The registered agent agreed to waive service of summons and returned the executed waiver of service form by United States mail on December 20, 2006. It was received by counsel for plaintiff on December 22, 2006.

Plaintiff heard nothing further from defendant until its counsel received a voice mail from a member of the District of Columbia Bar on behalf defendant on January 25, 2005. Counsel returned the call that day and learned that defendant wanted an extension of time within which to respond to the complaint. After checking with her client that very day, plaintiff's counsel again called counsel and spoke with him for eleven minutes. She explained that, while the time for responding had passed, and plaintiff was anxious to proceed, plaintiff would agree to an extension of time, providing defendant did not continue unduly to delay.

Plaintiff heard nothing else until February 5, 2007 when its counsel received a voice mail from defendant's counsel stating that he wanted to speak with her about an extension of time. Counsel returned defendant's counsel's call within an hour. Defendant requested an extension of time to an including February 16, 2007. While plaintiff's counsel expressed concern about defendant's delay in responding to the complaint, noting that defendant had 60 days within which to respond, rather than the usual 20 days, counsel stated that she would contact her client and get back in touch with defendant. By the time counsel reached her client and called defendant's counsel, he had left his office for the day. Counsel therefore left a voice message

3

explaining that she had to rush out for an appointment, but would send him an electronic message the next morning. Before 10:00 am the next morning – without waiting to hear from counsel -- defendant filed its motion for an extension of time, seeking more time than it had requested from plaintiff.

**Conclusion**

For the foregoing reasons, plaintiff respectfully requests this Court to grant its request for an extension of time. For more than 22 years, plaintiff's counsel has practiced law and worked with members of the bar and bench in this jurisdiction. She does not engage in dilatory tactics and has a reputation for candor and diligence. As is evident from the complaint, plaintiff also is focused on pursuing that which is right and just, including showing the proper respect for and working within judicial guidelines. Neither plaintiff nor its counsel wants to engage in a brawl with defendant or its counsel, and both are pained at the amount of time that had to be devoted to seeking an extension of time.

Respectfully Submitted,

*/s/ Devarieste Curry*

Devarieste Curry, # 384621
Marc Miller, # 948372
McLeod, Watkinson & Miller
One Massachusetts Avenue, NW
Suite 800
Washington, D.C. 20001-0014

202-842-2345
202-408-7763 (facsimile)
dcurry@mwmlaw.com
mmiller@mwmlaw.com

Date:   February 28, 2007

4

## Certificate of Service

I hereby certify that on February 28, 2007, I caused a copy of the attached, Motion for Extension of Time and supporting Memorandum to be served by ECR on counsel for defendant, Derek & Jamar Productions, LLC.

                                                Respectfully Submitted,

                                                Devarieste Curry, # 384621
                                                McLeod, Watkinson & Miller
                                                One Massachusetts Avenue, Suite 800
                                                Washington, D.C. 20001-0014

                                                202-842-2345
                                                202-408- 7763 (facsimile)
                                                dcurry@mwmlaw.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DELTA SIGMA THETA SORORITY, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 06 1993 (RMC) |
| ) | |
| DEREK & JAMAR PRODUCTIONS, LLC ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**ORDER**

Upon consideration of plaintiff's motion for an extension of time and any opposition thereto, it is this _____ day of March, 2007,

ORDERED that the Motion be, and the same hereby is, GRANTED, and it is further

ORDERED that plaintiff is granted an extension of time, to and including March 23, 2007, within which to file a response defendant's motion to dismiss the complaint.

SO ORDERED this_____ day of March 2007.

_____
Rosemary M. Collyer
United States District Judge

Attorneys to be notified:
**Counsel for Plaintiff:**

Devarieste Curry
McLeod, Watkinson & Miller
One Massachusetts Avenue, NW
Suite 800
Washington, D.C. 20001

202-842-2345
202-408-7763 (facsimile)
dcurry@mwmlaw.com

Marc E. Miller
McLeod, Watkinson & Miller
One Massachusetts Avenue, NW
Suite 800
Washington, D.C. 20001

202-842-2345
202-408-7763 (facsimile)
mmiller@mwmlaw.com

**Counsel for Defendant:**

David Z. Kaufman
Kaufman Law, A Professional corporation
11350 Random Hills Road, Suite 800
Fairfax, VA 22030
703-764-9080
203-764-0014 (facsimile)
david@businessbrawls.com
Counsel for Plaintiff