UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DELTA SIGMA THETA SORORITY, INC.     \*
    Plaintiff,                                       \*
                                            \*
v.                                              \*      CASE NO. 1:06CV01993
                                                           (RMC)
                                            \*
DEREK & JAMAR PRODUCTIONS, LLC  \*
    Defendant.                                     \*

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**Reply to Plaintiff's Opposition to
Defendants' Motion to Dismiss**

    Comes now Derek & Jamar Productions, LLC, (hereinafter "D&J"), by undersigned counsel, and files this Reply to Plaintiff Delta Sigma Theta Sorority, Inc. (Hereinafter "Delta")'s Opposition to D&J's Motion to Dismiss and states:

    **Introduction:**

    Delta's withdrawal of Count IV (misappropriation of trade secrets) is done with the same grace and courtesy as the rest of its actions in this case. D&J regrets Delta's continued pursuit of the other counts and still hopes that Delta will reconsider them in the future.

    But some points Delta made in its Opposition to D&J's Motion to Dismiss require a reply, especially given the intensity of Delta's invective against D&J. After all, D&J merely wanted to create a paean to Delta's creators and asked Delta's support. Then, when Delta decided not to support D&J, it went ahead anyway. And the project would appear to have been successful--after all, Delta is demanding that

D&J stop marketing the movie and the copy of the painting and disgorge all its profits.  Complaint at 30.  Surely Delta would not be doing this if the project were not popular with its members?  All D&J wanted, and wants now, is to work collaboratively with Delta[1].

**Argument**

Counts I & II (Trademark Infringement)

Unlike Delta which states clearly that "it has no obligation to non-members, even when it comes to making a documentary about Delta's own remarkable Founders" (Delta's Opp. at 3), D&J is engaged in free enterprise and will sell to all buyers, both Deltas and non-Deltas.  If this case goes to trial D&J will show that, in fact, its database generated from www.blacksororityproject.com is made up of 45% non-Deltas.

But Delta argues that D&J must be prohibited from falsely implying Delta's sponsorship through misuse of Delta's marks."[2]  Delta's complaints about the labeling of the 45 minute movie are stunning in their triviality:

---

[1]   Even now D&J would be pleased to enter into settlement discussions with Delta.

[2]   It was for just this reason that the project, originally named the "Delta Historical Project" was renamed as a way to make a clear and distinct separation between the project and Delta.  D&J also took other steps that will, if necessary, demonstrate to the Court D&J's good faith efforts to avoid any problems with Delta.

        1.       The front cover of D&J's DVD box does not violate Delta's mark--it is fair use.

The first of Delta's complaints of trademark infringement is that the "location & font size of the mark (Delta's name) on the front cover are extremely suggestive of authorship and accreditation". Delta's Opp. at 14. Specifically they are referring to the words on the cover "**The Story of Delta Sigma Theta**". This is the subtitle to the movie. It is passing strange that Delta sees nothing wrong with using their name in the *title* to a book or movie, but have brought suit over the *subtitle.* Delta's Opp. at 21. As Delta concedes "[m]aking a documentary about the founding of Delta without making any reference to Delta would be impossible." Similarly, selling a documentary about Delta without telling people that the documentary is about Delta is impossible.[3] Delta should recognize that.

        2.       The back cover of D&J's DVD box does not violate Delta's mark -- it too is fair use.

The second of Delta's complaints of trademark infringement is that the colors used on the back of the DVD box are white letters on a red background and Delta says that this is impermissible because these colors are part of Delta's mark. *Id.* Given the garishness with which many movies are marketed these days, this simple statement cannot be what Delta really means--unless it is prepared to bring a lawsuit

---

[3] *Jones v. Ground Zero Entertainment*, 2006 U.S. Dist. Lexis 44364 (S.D. N.Y. 2006) is factually distinct: unlike in this case, Ground Zero Entertainment put Jones' likeness prominently on the cover and materials--not only in the (sub)title or merely to tell the prospective purchaser the contents of the materials.

against virtually all of Hollywood.

Delta also complains about the words on the back cover of the DVD box. These say, (as best a graphic rendition can be reproduced):

### Delta Sigma Theta
22 Women One Destiny

The back then goes on to describe the contents of the 45 minute movie saying

> Almost one hundred years ago, a group of twenty-two women students at Howard University, changed the course of American history forever.  By defying the barriers of race and sex, they courageously joined the Women's Suffrag [sic] march and formed a new sorority, **Delta Sigma Theta,** which would grow to become one of the nation's most formidable women's organizations today. ...
>
> Black Sorority Project, The Exodus leaves no stone unturned: light skin versus dark skin, the myth of black unity and the triumph of success against the odds.  With cutting edge special effects, blistering commentary and a stellar cast of actors and scholars, Black Sorority Project is an innovation in modern-day story-telling and an untold chapter in women's history.

These references to Delta are clearly within the fair use exception to the law.

       3.      There is virtually no likelihood of confusion.

Members of Delta are, by its own admission, an accomplished group of 'black, college-educated women dedicated to social change, educational advancement….". Delta's Opp. at 3. *See also* Complaint at ¶¶10-18 and  They are by all accounts women who are socially progressive, of sufficient means and certainly constitute a sophisticated and discerning buying public. The claim that members of

this group would purchase a product clearly branded on it's entirely black and white front cover as Black Sorority Project: The Exodus under the false pretense of sponsorship by its national office because of the appearance of the subtitle "The Story of Delta Sigma Theta" at the bottom and "Delta Sigma Theta" on the back cover is not merely an unreasonable assumption--it flies in the face of all that Delta tells us about its members.

<u>Injurious Falsehood (Count III) and Defamation (Count V):</u>

Delta has filed two counts of injurious falsehood and defamation, claiming, in essence, that D&J have made statements impugning Delta's reputation and accusing Delta of behaving dishonestly. The efforts Delta goes to make these specious claims shows why they must fail.

       1.       The FAQ's statement that D&J was "unable to generate a response" from Delta is not defamatory.

Delta contends that a FAQ posting on www.blacksororityproject.com saying that the owners of D&J tried to contact Delta and were "unable to generate a response" is wrong, defamatory and injures Delta's reputation. Delta does this by analyzing the selected quote, declaring it to be untrue, and then jumping to the inference that this means that D&J are saying that Delta is not fulfilling its professional responsibilities. Delta's Opp. at. 30.

In making the analysis, Delta ignores, or rather glosses over the fact that it knew that Craig Williams was not part of D&J. Delta claims that Williams held

himself out as representing D&J, *id.* at 2, but as Delta should know, only D&J's authorized representative can speak for it and certainly Delta should have responded directly to D&J, not to some person who Delta knew was merely the producer of the documentary. *Id.* Delta certainly guards it's President's right to speak for Delta as its only authorized spokesperson, *id.* at fn3, and certainly should give the same right to D&J.

Regardless of the analysis however, Delta jumps from one point--the lack of response--to another: that "Delta is not fulfilling its professional responsibilities." *Id.* at 30. But D&J doesn't say that--actually Delta admits that fact; Delta merely says that the statement is defamatory because it "suggests" that "Delta is not fulfilling its professional responsibilities." *Id.* A "suggestion" such as this cannot be defamatory, especially since Delta put it into D&J's mouth.

        2.       The FAQ statement that "politics prevented reason" is not defamatory.

Delta objects to the FAQ statement that "politics prevented reason", claiming that it is defamatory. *Id.* Delta reaches this conclusion by claiming that it "suggests" that Delta's Board "does not make prudent or merit-based decisions on behalf of Delta, but whimsical ones based only on sentiment." *Id.* A "suggestion" is in the mind of the beholder, and certainly is not D&J's. D&J never said any of the things Delta states D&J "suggested" and D&J cannot be held responsible for things it did not do.

       3.    Delta's "critical" complaint is also it's weakest.

"Critically" Delta complains about the use of the word "misinformation" in one of the FAQs. In doing so Delta again selectively quotes from the FAQ. The full quote, all three paragraphs of it, is provided in D&J's Motion at 16 and D&J sees no need to amplify that discussion.

But Delta uses the selective quotation to jump to an inference and then to jump again to an innuendo and conclude that D&J is claiming that Delta misinformed its members. Then Delta jumps again to saying that this means D&J are accusing Delta of lying and of being a dishonest organization. *Id.* at 31. The mental gymnastics Delta has to exercise in their attempt to make their point actually bolsters D&J's point: no reasonable person will read D&J's neutral three paragraph statement, focus their attention solely upon the last two sentences Delta has selectively quoted, and *infer* the *innuendo* Delta says they will make and then make the mental *jump* that Delta is lying and then make the final jump to the conclusion that Delta is a dishonest organization.

**Conclusion:**

For all these reasons, D&J's Motion to Dismiss should be Granted.

                Respectfully submitted,

KAUFMAN LAW,  A Professional Corporation
11350 Random Hills Rd.  Suite 800
Fairfax, VA 22030
703.764.9080
703.764-0014 (fax)
david@dzklaw.com
Counsel for Defendant D&J Productions, LLC


By: _____
  David Zachary Kaufman, Bar# 435123


CERTIFICATE OF SERVICE

  I hereby certify that on March 30, 2007, I caused a true and correct copy of the following to be served by ECR on Devarieste Curry, Esq. counsel of record for Plaintiff Delta Sigma Theta Sorority, Inc.


      _____
        David Zachary Kaufman