UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DELTA SIGMA THETA SORORITY, INC.)
1707 New Hampshire Avenue, NW )
Washington, DC 20009 )
)
      Plaintiff, )
)
    v. )    Civil Action No.: 06 1993 (RMC)
)
)
DEREK & JAMAR PRODUCTIONS, LLC )
764 Gramatan Avenue )
Mt. Vernon, NY 10552 )
)
      Defendant. )
                                )

## CONSENT DECREE

### I.    BACKGROUND

Delta Sigma Theta Sorority, Incorporated ("Delta") is a not-for-profit, membership service organization that is incorporated under the laws of the District of Columbia and is centered on the shared communal experience of predominantly black, college-educated women dedicated to social change, educational advancement, economic development; educational development; international awareness and involvement; physical and mental health; and political awareness and involvement.

Derek & Jamar Productions LLC ("D&J") is a limited liability company formed under the laws of the state of New York. Its two principals are artists who are committed to creating high-quality productions of significant cultural and entertainment value for a variety of niche audiences. D&J's mission is to preserve, memorialize and broaden access to various aspects of African-American history and culture.

Since the filing of the Complaint in November 2006 and after an initial round of pleadings by the parties, counsel for the parties have engaged in continuing settlement discussions concerning the subject matter of this action and have determined that resolution of this action on the terms and conditions set forth herein is in the best interest of both parties to this action.

## II.     JURISDICTION

This Court has jurisdiction of the subject matter of this action and the parties hereto. The Court shall retain jurisdiction to enforce, interpret and implement this Consent Decree.

## III.    NON-ADMISSION

D&J has denied and continues to deny all allegations of unlawful infringement, defamation, and injurious falsehood, but has acknowledged that some statements published on its website were incorrect and caused harm to Delta and its leadership. D&J thus has agreed to compromise and settle the claims asserted by Delta to avoid the expense, burdens, and distractions that would be involved in continued litigation, and to put to rest all further controversy with respect to the charges, claims and issues raised.

Neither this Consent Decree nor any of its terms constitute any admission by D&J of any previous or present violation of the law or any liability whatsoever to Delta. Rather, D&J is entering into this Consent Decree to terminate costly and distracting litigation. This Consent Decree is final and binding on all parties as well as upon their successors and assigns as to the allegations contained in the Complaint and the issues raised therein.

## IV.    EFFECT OF THE CONSENT DECREE

This Consent Decree constitutes a full and final release and settlement and resolves in full all claims and issues that Delta raised against D&J in its Complaint. Specifically, this Consent

Decree constitutes a full and complete release and settlement of any action, demands, rights, damages, costs, attorneys' fees, and expenses that Delta may have against D&J for trademark infringement pursuant to federal and District of Columbia common law, and for defamation and injurious falsehood pursuant to District of Columbia common law that provides for relief for damages resulting from such actions.

The doctrine of *res judicata* and collateral estoppel shall apply with respect to all issues of fact and law and matters of relief within the scope of the Complaint. The entry of this Consent Decree and D&J's compliance with the terms set forth herein shall extinguish all claims for relief, except actions taken to enforce this Consent Decree.

## V.    DURATION OF CONSENT DECREE

This Consent Decree shall become effective on the day on which the Order approving it becomes final beyond all possibility of appeal ("effective date") and shall remain effective in perpetuity.

## VI.   TERMS OF THE CONSENT DECREE

A.    D&J is enjoined from making disparaging or defamatory comments about or disseminating misrepresentations about Delta and its leadership through any media, including, but not limited to, statements posted on any website operated by or connected to it or the Project that is the subject of this litigation; comments or statements made in print media; and comments made verbally in any forum.

B.    Delta is enjoined from making disparaging or defamatory comments about or disseminating misrepresentations about D&J and its owners through any media, including, but not limited to, statements posted on any website operated by or connected to it; comments or statements made in print media; and comments made verbally in any forum.

C.   D&J shall remove from the Black Sorority Project's website and any related website questions and responses 1, 3, 4, 5, 6, 7, 9, 11, 13, and 14 of the Frequently Asked Questions ("FAQs").[1]

D.   D&J shall revise the following questions and responses of the FAQs as follows: number 8, delete the second paragraph; number 10, delete the third sentence; number 15, delete everything except the first four sentences.

E.   D&J shall post on its website an acknowledgement that its FAQs posted on its website contained misrepresentations and an apology for the misrepresentations. Specifically, defendant shall post the following statement on a website that is available generally to the public, as were the Frequently Asked Questions:

> Derek & Jamar Productions would like to apologize to President Louise A. Rice; the Executive Board of Delta Sigma Theta Sorority, Inc.; and the members of Delta for any harm it may have caused in an effort to be transparent with the public about the controversy that surrounded this Project. The FAQs contained statements that were based on information that was available to us at the time. Upon review of additional facts, and after further consideration, we recognize that there were statements posted in our FAQs that were misrepresentations, which proved to be harmful to Delta and its leadership.

F.   D&J is enjoined from engaging in any and all activities that suggest in any way that Delta or any of its leadership supports, endorses, or approves of the Project, including suggestions conveyed through the design of the DVD cover for the documentary or any other promotional materials.

G.   D&J shall redesign the DVD cover to remove any suggestions of endorsement of the documentary by Delta, including removing Delta's name from the front and back covers (not

---

[1] The FAQs are not numbered. The numbers reflected in Section VI-C are numbered pursuant to the order of the FAQs last reviewed May 9, 2007, which includes as the first question "What's Your Response to the Delta Lawsuit"?.

including the current limited use of Delta's name in the textual plot synopsis on the back of the DVD cover) and not using on the DVD cover "DST-1913" in the telephone number.

      H.      D&J shall place on its website, on the DVD cover, at the end of the documentary, and in any other materials purporting to tell Delta's history or convey information about Delta the following disclaimer:

> "This Project is not in any way endorsed, supported, sponsored, or approved of, by Delta Sigma Theta Sorority, Incorporated or its Executive Board."

      I.      D&J is enjoined from promoting its Project, including any tours of the documentary or materials promoting tours of the Project, in a manner inconsistent with the terms of this Consent Decree. Specifically, D& J shall remove form the masthead of its website or other materials promoting the Project the words "Delta Sigma Theta"; shall refrain from displaying videos or pictures of persons wearing clothing emblazoned or imprinted with Delta's trademarks; and shall not inquire of visitors to the Project's website whether they are members of "DST" or Delta.

      J.      On the effective date of this Consent Decree, Delta shall post on its website a statement informing its members that it has entered into a settlement with D&J resolving all claims raised in the lawsuit against D&J. Specifically, Delta shall post the following statement:

> Based on an apology by Derek & Jamar Productions, LLC for some of the statements contained in the Frequently Asked Questions posted on its website about its dealings with Delta and its leadership; the removal from its website of those Frequently Asked Questions and responses that were misrepresentations, and the revision of others; the agreement to cease all activities that suggest that Delta in any way supports, endorses, approves of or is involved in the Project; and the posting and use of a disclaimer that accurately states that Delta does not support, sponsor, endorse or approve of the Project, Delta has agreed to dismiss the lawsuit it filed against Derek & Jamar.
>
> It is important that Delta take steps to protect its intellectual property and prevent confusion. Additionally, Delta's position is, and always has been, that members

have the right to respond to the Project in their individual capacity to the extent and in the manner they wish.

### VII. ATTORNEYS' FEES

Each party shall bear its own attorneys' fees and expenses. Should it be necessary to pursue an action for enforcement of this Consent Decree, the prevailing party shall be entitled to recover attorneys' fees and costs from the other party.

### IX. PUBLICITY

The parties and their counsel agree that each party may issue its own press release or statement about the settlement. The parties and their counsel further agree that no statement or response to media inquiries from the press or other media concerning this action or this Consent Decree shall characterize the other party or its actions in a disparaging fashion and that any statement or release issued shall be consistent with the terms of this Consent Decree and subject to penalties for violation.

Consented to and agreed to this 8th day of June 2007.

Counsel for Plaintiff:

*/s/ Devarieste Curry*
Devarieste Curry, # 384621
Marc Miller, 948372
McLeod, Watkinson & Miller
One Massachusetts Avenue
Suite 800
Washington, D.C. 20001-0014
202-842-2345 (voice)
202-408-7763 (facsimile)
dcurry@mwmlaw.com
mmiller@mwmlaw.com

Counsel for Defendant:

*/s/ David Z. Kaufman*
David Z. Kaufman, 435123
Kaufman Law, A Professional Corporation
11350 Random Hills Road
Suite 800
Fairfax, VA 22030
703-764-9080 (voice)
703-764-0014 (facsimile)
david@dzklaw.com

_____
Rosemary M. Collyer
United States District Judge